## DOBBS-BINSWANGER, INC. *v.* JACK L. MEDWEDEFF, TRUSTEE IN BANKRUPTCY.

[No. 2, October Term, 1937.]

*Decided October 28th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Solomon Hirschhorn,* for the appellant.

*Irving B. Grandberg,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

An attachment was laid in the hands of a garnishee at the suit of a trustee in bankruptcy to recover money alleged to have been paid to a creditor of the bankrupt as a preference, within four months of the bankruptcy proceeding, and from a judgment in the trustee's favor the garnishee, defending for the creditor, appeals. The principal question is whether the evidence at the trial was legally sufficient to enable a jury to find that the creditor, when receiving the payment, had, in the words of the Bankruptcy Act, reasonable cause to believe that the payment would effect a preference, so as to empower the trustee to avoid it. Bankruptcy Act. secs. 60a, 60b, as amended by Acts Cong. Feb. 5th, 1903, sec. 13, June 25th, 1910, secs. 11, May 27th, 1926, sec. 14; 11 U. S. C. A. sec. 96 (a, b). There is also a question of the admissibility in evidence of a statement of the debtor's condition, made up from its books, and not previously brought to the creditor's notice.

The Jullien-Feldhaus Company purchased from the Price Battery Company goods to the amount of $438.15,

later reduced by freight allowances to $423.56, and payment was due on January 26th, 1936. Payment having been delayed, the claim was, in February, placed in the hands of an attorney for the creditor, Mr. Sagner. In the latter part of that month Mr. Feldhaus, president of the debtor corporation, reported to Mr. Sagner that it was unable to pay, as collections were bad and business slow, that it could do nothing then, and that the creditor could crack its whip. At the same time Mr. Sagner reported to his client that the debtor's liabilities, according to Mr. Feldhaus' report, amounted to about $3,000, and it had assets of an equal amount, the largest part of which was in accounts receivable. Mr. Sagner, during the negotiations, warned Mr. Feldhaus that the matter must be taken care of, or the creditor would sue or apply for a receivership. Later, in March, Mr. Feldhaus announced that he was trying to effectuate a merger of the corporation, or to sell the business out, and asked for the creditor's co-operation by an allowance of the necessary time. He added that the company did not have money in the bank for payment. The allowance of time was not agreed to.

The negotiations resulted in the delivery by Mr. Feldhaus of a postdated check of the corporation, to be replaced a week later by the corporation's regular voucher check, secured by a note of his own with power for the entry of a judgment by confession, and an agreement expressed in a letter from Mr. Sagner, reciting that "the consideration for taking this security is my refraining from filing a Bill for Receiver against you or filing suit." Mr. Sagner, in his testimony, said he would have proceeded with a suit for appointment of a receiver if payment had not been made.

The debtor corporation executed a deed for the benefit of creditors on March 24th, 1936; bankruptcy proceedings were instituted on April 3rd; and the adjudication followed on April 15th. The assets proved to be sufficient for the payment of only three per cent. on the claims of general creditors.

The question arising upon the terms of the Bankruptcy Act in such case is, "whether the facts surrounding and attending the transfer alleged to be voidable were such as to cause a reasonably prudent man to believe that the bankrupt was insolvent when it was made, or were such as to put him on inquiry touching the solvency of the debtor, which inquiry would have disclosed insolvency." *Boston Nat. Bank v. Early* (C. C. A.) 17 Fed. (2nd) 691, 692. "It is not necessary to show actual knowledge on the part of the creditor. It is enough if the circumstances are sufficient to put a person of ordinary prudence and discretion upon inquiry." And any substantial evidence tending to prove such circumstances should be referred to the jury. *Emporia Loan & Inv. Co. v. Rees* (C. C. A.) 66 Fed. (2nd) 225, 226. In this case the court concurs in the ruling of the trial court that there was such substantial evidence of conditions to put the creditor upon inquiry, and to carry notice to that extent that the payment for which the debtor was being pressed would effect a preference over the other creditors. The acknowledged inability to pay, the precarious financial condition stated, and the professed belief of the creditor's attorney that the condition might justify application for a receivership, seem to be such substantial indications and warning of insolvency as should have been referred, as they were, to the consideration of the jury.

A balance sheet showing an insolvent condition of the debtor on December 31st, 1935, two months and more before the payment questioned, was admitted in evidence against an objection of the defendant, and exception was taken to the ruling, on the ground that the statement had not been brought to the notice of the creditor, and had no relevancy to the question of notice to it of the debtor's condition at the time of payment. Insolvency at that time was admitted at the trial. There was testimony tending to prove that this was the last statement made up preceding the bankruptcy, and it was evident that there was no subsequent, material improvement in the financial condition. And there would be relevancy in

the showing that back during the time of the negotiations from which notice to the creditor of the conditions must be inferred, if inferred at all, there was in fact an insolvent condition. The inquiry to which the creditor may have been put at that time must have disclosed at least a threat of insolvency then, or it could have no effect to charge him with notice of the probability of a preference. *Boston Nat. Bank v. Early, supra.*

No reversible error is found in the exceptions.

*Judgment affirmed, with costs.*